UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) No. 1:18-CR-35-TRM-SKL |
| v. | ) |
| | ) |
| | ) |
| BRADLEE WILLIAM NIPPER | ) |

**REPORT AND RECOMMENDATION**

Before the Court is a motion to suppress filed by Defendant Bradlee William Nipper ("Defendant") with a supporting memorandum [Docs. 18, 19].[1] Defendant contends his confession should be suppressed because his Sixth Amendment right to counsel was violated. The United States of America ("Government") filed a response in opposition to the motion [Doc. 27]. Defendant filed a reply [Doc. 32], and the motion is now ripe. As the pertinent facts are undisputed, the parties have agreed a hearing is not necessary. After fully considering the arguments and undisputed evidence, I **RECOMMEND** that Defendant's motion to suppress be **DENIED** for the reasons set forth below.

**I.  BACKGROUND**

The following are undisputed facts. On March 7, 2018, state authorities arrested Defendant and charged him in state court with, *inter alia*, two counts of unlawful possession of a firearm by a felon under Tenn. Code Ann. § 39-17-1307. After his state arrest, Defendant obtained defense counsel for the state charges. Subsequently, on March 12, 2018, an agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, a detective with the Rhea County Sheriff's Department, and a police officer with the Soddy Daisy Police Department engaged in a recorded interview of Defendant without the presence of his attorney. Allegedly, after Defendant waived

---

[1] The motion to suppress was referred for a report and recommendation by standing order.

his *Miranda* rights, he made incriminating statements. Next, a single count federal Indictment was returned by the grand jury on March 27, 2018 [Doc. 1]. In the Indictment, Defendant is charged with unlawful possession of firearms on March 7, 2018 in violation of 18 U.S.C. § 922(g)(1). The Government intends to introduce Defendant's alleged confession on March 12 in any trial of this federal case.

## II. ANALYSIS

The Sixth Amendment right to counsel attaches only "at or after the initiation of judicial criminal proceedings—whether by way of formal charge, preliminary hearing, indictment, information, or arraignment[.]" *United States v. Moody*, 206 F.3d 609, 614 (6th Cir. 2000) (quoting *Kirby v. Illinois*, 406 U.S. 682, 689 (1972)). This is a bright line test; thus, initiation of formal charges is required to trigger the Sixth Amendment right to counsel. *Id.* (quoting *Moran v. Burbine*, 475 U.S. 414, 430-31 (1986)). Merely retaining counsel is not enough to trigger the Sixth Amendment right to counsel, as the "right to counsel is 'offense specific.'" *Turner v. United States*, 885 F.3d 949, 954 (6th Cir. 2018) (*en banc*) (quoting *McNeil v. Wisconsin*, 501 U.S. 171, 175 (1991)). The right to counsel cannot be invoked once for all future prosecutions or for all factually related offenses. *Id.* (internal quotation marks omitted) (citing *McNeil,* 501 U.S. at 175 and *Texas v. Cobb*, 532 U.S. 162, 168-69 (2001)).

To determine what constitutes the "same offense," the courts apply the test in *Blockburger v. United States*, 284 U.S. 299, 304 (1932). *Turner*, 885 F.3d at 954. "Where the same act or transaction constitutes a violation of two distinct statutory provisions," the test to determine whether there are two offenses or only one in the Sixth Amendment right to counsel context, "is whether each provision requires proof of a fact which the other does not." *Id*. (quoting *Blockburger*, 284 U.S. at 304; *Cobb*, 532 U.S. at 173). Significantly, the majority view, very recently adopted by the Sixth Circuit in *Turner*, "is that when a criminal defendant's conduct

2

violates both state and federal law, that defendant commits two separate offenses, even when the state and federal offenses contain the same essential elements." *Turner*, 885 F.3d at 954-55 (holding *Blockburger*'s protection in the Sixth Amendment context does not apply when the "same" charges are brought by separate sovereigns because when a defendant, even in a single act, breaks the laws of two sovereigns, the defendant has committed two distinct offenses) (quoting *Heath v. Alabama*, 474 U.S. 82, 88 (1985)).

In *Turner*, the defendant was indicted on both state and federal charges, like here. Also like this case, the defendant in *Turner* argued, "an indictment in a state prosecution triggers a criminal defendant's Sixth Amendment right to counsel for the purposes of forthcoming federal charges based on the same underlying conduct." *Turner*, 885 F.3d at 952. The Sixth Circuit ruled against the *Turner* defendant finding the Sixth Amendment right to counsel attaches when the formal relationship between the government and a criminal defendant is established such that adversarial judicial proceedings are initiated. *Id.* at 953 (citation omitted). As already stated, the right is offense specific. *Cobb*, 532 U.S. at 173. Thus, when a defendant retains counsel for a state criminal proceeding, he cannot simultaneously invoke his Sixth Amendment right to counsel for a federal charge when the federal criminal proceedings have not yet begun.

In this case, different sovereigns have charged Defendant with a crime that requires proof of the same elements.[2] The states are separate sovereigns from both the federal government and from each other. *Puerto Rico v. Sanchez Valle*, 136 S. Ct. 1863, 1871 (2016). Accordingly, "each sovereign—whether the Federal Government or a State—is responsible for the administration of

---

[2] Both alleged crimes require the state and federal governments, respectively, to prove the accused was (1) a felon (2) in possession of a firearm. *Compare* Tenn. Code Ann. § 39-17-1307(b)(1) ("A person commits an offense who unlawfully possesses a firearm . . . and: (A) Has been convicted of a felony . . .."), *with* 18 U.S.C. § 922(g)(1) ("(g) It shall be unlawful for any person--(1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition. . . .").

3

[its own] criminal justice syste[m]." *Setser v. United States*, 566 U.S. 231, 241 (2012) (alterations in original) (internal quotation marks omitted) (quoting *Oregon v. Ice*, 555 U.S. 160, 170 (2009)). Consequently, Defendant has been charged with two distinct offenses even though they flow from a single act that requires proof of the same elements. *See Turner*, 885 F.3d at 954.

Although Defendant obtained counsel for purposes of defending the state charges prior to the March 12 interview/confession at issue, the Sixth Amendment right to counsel was not triggered as it relates to the current federal charge because the right to counsel cannot be invoked preemptively; it is offense specific. *See id*; *Cobb*, 532 U.S. at 173. In his supporting memorandum [Doc. 19], Defendant overlooked *Turner* and relied upon *Arizona v. Roberson*, 486 U.S. 675 (1988) and *Michigan v. Jackson*, 475 U.S. 625 (1986). However, neither *Roberson* nor *Jackson* is applicable. *Roberson* concerned a violation of *Miranda* rights and has no applicability to the pertinent issues under *Turner*. Likewise, *Jackson,* which has been overruled on other grounds, was cited for its application of the exclusionary rule—a rule that does not apply unless there has been an actual violation of the Sixth Amendment right to counsel. *See Montejo v. Louisiana*, 556 U.S. 778, 797 (2009) ("*Michigan v. Jackson* should be and now is overruled.").

After the Government cited *Turner* in its response to the motion, Defendant addressed the dual sovereignty doctrine in his reply, mainly by noting there is a split among the circuit courts as acknowledged in *Turner*. In favor of the minority view, the Second and Eighth Circuits have held that when a defendant is prosecuted in both the federal and state courts for the same offense conduct, the right to counsel attaches after the first indictment is filed, and applies to both the federal and state prosecutions. *Turner*, 885 F.3d at 971 (Clay, J., concurring). Following the majority view, the First, Fourth, Fifth, and Eleventh Circuits, which are joined by the Sixth Circuit in *Turner*, hold that the dual sovereignty doctrine applies in the Sixth Amendment context, so when a defendant is jointly prosecuted by state and federal authorities, the right to counsel does

4

not attach in each prosecution until after separate formal charging documents are filed. *Id*. at 952, 971.

In reply, Defendant argues the better view is the minority's and he seeks to preserve his right to argue for suppression if the majority view is overturned. Defendant also seemingly proposes that this Court adopt the minority view in spite of *Turner*. Nevertheless, the Court is undoubtedly bound by *Turner* and Defendant's arguments clearly fail under *Turner*. As a result, Defendant's motion to suppress cannot succeed.

## III. CONCLUSION

For the reasons stated above, I **RECOMMEND**[3] that Defendant's motion to suppress [Doc. 18] be **DENIED**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[3] Any objections to this report and recommendation must be served and filed within 14 days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive, or general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).