UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | Case No. 1:18-cr-35 |
| v. | ) | |
| | ) | Judge Travis R. McDonough |
| BRADLEE WILLIAM NIPPER | ) | |
| | ) | Magistrate Judge Susan K. Lee |
| | ) | |

**ORDER**

Before the Court is Defendant Bradlee William Nipper's motion to suppress (Doc. 18). Magistrate Judge Susan K. Lee filed a report and recommendation, recommending that the Court deny Defendant's motion to suppress, and Defendant timely filed an objection to the report and recommendation. (Docs. 34, 35.) The Court has conducted a *de novo* review of the record as it relates to Defendant's objection, and for the following reasons, will: (1) **OVERRULE** Defendant's objection to the report and recommendation (Doc. 35); (2) **ACCEPT** and **ADOPT** the report and recommendation (Doc. 34); and (3) **DENY** Defendant's motion to suppress (Doc. 18).

**I. STANDARD OF REVIEW**

The Court must conduct a *de novo* review of those portions of the report and recommendation to which objections are made. 28 U.S.C. § 636(b)(1)(C). *De novo* review does not, however, require the district court to rehear witnesses whose testimony has been evaluated by the magistrate judge. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). The magistrate judge, as the factfinder, has the opportunity to observe and to hear the witnesses and to assess their demeanor, putting her in the best position to determine credibility. *Moss v.*

*Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v. Hill*, 195 F.3d 258, 264–65 (6th Cir. 1999). A magistrate judge's assessment of witnesses' testimony is therefore entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003); *see also United States v. Navarro-Camacho*, 186 F.3d 701, 705 (6th Cir. 1999).

## II. BACKGROUND

On March 27, 2018, a grand jury returned a one-count indictment charging Defendant with being a felon in possession of a firearm. (Doc. 1.) On May 29, 2018, Defendant filed a motion to suppress certain statements made to law enforcement, arguing that the incriminating statements were obtained in violation of Defendant's Sixth Amendment right to counsel. (Doc. 18.) According to Defendant, when he was interviewed by federal authorities without an attorney, he was represented by counsel to defend charges filed against him in state court based on the same underlying conduct. (Doc. 19.)

After the parties agreed that the pertinent facts were not in dispute, Magistrate Judge Lee entered a report and recommendation without holding an evidentiary hearing and recommended that the Court deny Defendant's motion to suppress. (Doc. 34.) Magistrate Judge Lee—relying on the United States Court of Appeals for the Sixth Circuit's recent opinion in *Turner v. United States*, 885 F.3d 949 (6th Cir. 2018) (en banc)—concluded that, under the dual-sovereignty doctrine, Defendant's Sixth Amendment right to counsel had not been triggered when the federal authorities questioned him after initiation of the state charges. (*Id.*)

On July 25, 2018, Defendant filed an objection to the report and recommendation (Doc. 35), and, on July 26, 2018, the Government filed a response (Doc. 36). Defendant does not dispute the basic facts outlined in Magistrate Judge Lee's report and recommendation, but objects to the legal conclusions therein. (Doc. 35.) After reviewing the record before the Court

and finding the facts to be consistent with Magistrate Judge Lee's report and recommendation, the Court **ADOPTS BY REFERENCE** the facts as set out in the report and recommendation. (Doc. 34, at 1–2.); *see, e.g.*, *United States v. Winters*, 782 F.3d 289, 295 n.1 (6th Cir. 2013). Defendant's objection to the report and recommendation is now ripe for review.

**III. ANALYSIS**

Defendant objects to Magistrate Judge Lee's reliance on *Turner v. United States*. (Doc. 35.) Defendant argues that the Court should decline to rely on *Turner* and, instead, rely on precedent from the Second and Eighth Circuits. (*Id.*)

*Turner v. United States* constitutes binding precedent on this Court. As Magistrate Judge Lee aptly noted in her report and recommendation, the Sixth Circuit clearly held in *Turner* that, when a defendant has been charged in state court, his Sixth Amendment right to counsel does not attach to pre-indictment interrogation by federal law enforcement, even if the indictment in state court is based on the same underlying conduct. 885 F.3d at 995. Accordingly, because the Court agrees with Magistrate Judge Lee's well-reasoned analysis, Defendant's objection to the report and recommendation will be **OVERRULED**.

**IV. CONCLUSION**

For the foregoing reasons, Defendant's objection to the report and recommendation (Doc. 35) is **OVERRULED**. The Court **ACCEPTS** and **ADOPTS** the report and recommendation (Doc. 34) and **DENIES** Defendant's motion to suppress (Doc. 18).

**SO ORDERED.**

/s/*Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**